411 So.2d 537 (1982)
STATE of Louisiana in the Interest of Leroy WHITE.
No. 14564.
Court of Appeal of Louisiana, First Circuit.
March 2, 1982.
Kay Howell, Asst. Dist. Atty., for the State.
Kathleen Richey, court-appointed, Baton Rouge, for defendant.
Before ELLIS, LOTTINGER and PONDER, JJ.
ELLIS, Judge.
Leroy White appeals a finding of delinquency made by the trial court.
The State's witnesses identified Leroy White as one of three men who robbed the proprietor and patrons of Jenny's Lounge. The witnesses testified that Mr. White was masked with a tan bandanna and armed with a pistol. He was identified as the person who went behind the bar, took a cigar box with money in it, robbed the cash register, took the money off of a money tree, and took wallets and purses from the people in the bar.
Leroy White admitted his participation in the robbery. However, he testified that he was unarmed, unmasked and participated in the robbery because one of the other participants had threatened to shoot him if he did not. Mr. White testified that he met the other two men, whom he knew only slightly, and that they invited him to a party. When they were passing the lounge, the men suggested they get a drink, but, Mr. White testified, he refused because he was under age. One of the men then produced a gun and told him that if he did not help them rob the lounge, he would be shot. Mr. White testified that he participated in the robbery without further demur because he was afraid not to.
The trial judge found that the State had proved its case beyond a reasonable doubt, and that the defense of compulsion had failed. In this court, Mr. White contends that the court erred in not accepting his unrebutted testimony relative to compulsion.
R.S. 14:18 reads, in part, as follows:
"The fact that an offender's conduct is justifiable, although otherwise criminal, shall constitute a defense to prosecution for any crime based on that conduct. This defense of justification can be claimed under the following circumstances:
....
"(6) When any crime, except murder, is committed through the compulsion of threats by another of death or great bodily harm, and the offender reasonably believes the person making the threats is present and would immediately carry out the threats if the crime were not committed; or ...."
This defense must be proved by the defendant by a preponderance of the evidence. *538 State v. Landry, 381 So.2d 462 (La. 1980). In this case, Leroy White offers only his own unsupported and self-serving testimony to prove his defense that he was compelled or coerced into participating in the armed robbery. His testimony as to the particulars of the robbery differs materially from that of the victims who testified. There was, therefore, a substantial basis for rejecting Mr. White's testimony as to the circumstances leading up to the crime. We agree with the finding of the trial judge that Mr. White did not prove his defense by a preponderance of the evidence, and find no merit in the assignment of error.
The finding of delinquency and the disposition are therefore affirmed.
AFFIRMED.