431 So.2d 106 (1983)
STATE of Louisiana
v.
James T. SMITH.
No. 82 KA 0879.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
Ossie Brown, Dist. Atty. by Warren Hebert, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Kathleen Richey, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before EDWARDS, WATKINS and SHORTESS, JJ.
SHORTESS, Judge.
James T. Smith (defendant) was charged by Bill of Information with armed robbery in violation of La.R.S. 14:64. He entered a plea of not guilty and waived trial by jury. Following a bench trial, he was found guilty as charged and sentenced to confinement with the Department of Corrections for five years, with credit for time served. He appealed, designating fourteen assignments of error, but only one was briefed.
*107 On August 2, 1981, Leroy Anker, age 59, was working as a Pinkerton security guard at the Overnite Transportation plant on Plank Road in East Baton Rouge Parish. While patrolling the parking lot at approximately 6:00 a.m., he saw defendant and another person,[1] each holding a board about three feet long, standing near his car. He approached and attempted to question them but received no reply. When they eventually put down the boards, one of them attacked and began to choke Anker. When he was released, one of the men held a "dagger" on him and demanded his wallet which contained $2.25 and his car keys. They initially tied him up and attempted to leave in his car. However, they were unable to keep it running, so they untied him and demanded that he drive them to Denton, Texas. A State trooper stopped the car near Opelousas for an inspection sticker violation, whereupon Anker revealed that he had been robbed and abducted. At that time, defendant and Barrett were arrested and subsequently charged with armed robbery.
Defendant contends that the trial court erred in denying the defense motion for a judgment of acquittal.[2] Defendant argues that the State offered insufficient evidence to prove that either he or his co-defendant was armed with a dangerous weapon, an essential element of the crime of armed robbery. La.R.S. 14:64.
Louisiana Code of Criminal Procedure Article 778 provides in part:
"In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of defendant, after the close of the state's evidence or of all the evidence, if the evidence is insufficient to sustain a conviction."
The standard applicable to a review of the sufficiency of evidence to prove an essential element of a crime is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982); State v. Ramoin, 410 So.2d 1010 (La.1981).
Anker stated unequivocally that either defendant or his cohort held a dagger on him while demanding his wallet and car keys. He described this "dagger" in some detail, stating that it had a "keen blade" of metal, which was four to five inches in length, turned up brass side handles, and appeared to be possibly homemade. He also testified that he warned the State trooper who stopped him that the others in the car had a large knife. Trooper Kenneth Langlinais verified that Anker warned him immediately that the other two men had a knife.[3]
Defendant relies heavily upon the fact that this dagger was never found, in his attempt to cast doubt upon the credibility of Anker's testimony as to the existence of the dagger. Significant on this point is Anker's testimony that defendant and his cohort, after seeing the State trooper following them, rolled down both windows on the passenger side of the car, raising the possibility that they may have thrown the dagger out the window. However, defendant points to the testimony of Trooper Langlinais, who followed Anker's car for approximately half a mile, and did not see anything thrown out of the window. Trooper Langlinais stated that if anything had been thrown from a window while he *108 was running his license check, he probably would have seen it. However, he did not specifically state that he watched the vehicle and its occupants during his entire pursuit.
Although Anker's car was searched, only a cursory search for the dagger was made along the roadway. Trooper Langlinais searched only the area within approximately thirty to forty feet of the spot where the car was stopped. He indicated that, since the area further along the roadway was grassy, it would have been difficult to spot the dagger if it had been there.
We find that there was sufficient evidence from which a rational trier of fact could conclude beyond a reasonable doubt that Anker was robbed at knifepoint. The fact that the dagger was never found does not cast sufficient doubt upon the credibility of Anker's unequivocal testimony that he was threatened with a dagger.
This assignment of error lacks merit.
Since defendant has neither briefed nor argued the remaining assignments of error designated by him, they are considered abandoned. State v. Vanderhoff, 415 So.2d 190 (La.1982).
The conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Defendant and Anthony Barrett were jointly charged, tried and convicted of committing an armed robbery upon Leroy Anker. Defendant's appeal is the only matter before us.
[2] The motion made was one for acquittal, although defendant in this assignment of error and the trial judge in making his ruling, refer to it as a motion for a directed verdict.

It should be noted that this motion was made by his co-defendant. Nevertheless, it will be presumed that the motion was made on behalf of both defendants. La.C.Cr.P. Art. 842.
[3] A small pocketknife belonging to Anker was found on one of the defendants. This was not the knife that Anker said was used during the robbery, about which he had alerted the State trooper.