437 So.2d 873 (1983)
STATE of Louisiana, Appellee,
v.
Paul Wesley RUPLE, Defendant-Appellant.
No. 15440-KA.
Court of Appeal of Louisiana, Second Circuit.
August 15, 1983.
*875 George H. Meadors, Asst. Dist. Atty., Homer, for State-appellee.
Kitchens, Benton & Kitchens by Paul E. Kitchens, Minden, for defendant-appellant.
Before PRICE, HALL and JASPER E. JONES, JJ.
JASPER E. JONES, Judge.
The defendant, Paul Wesley Ruple, was convicted by a jury of attempted aggravated rape. R.S. 14:27 and 14:42. The district judge imposed a sentence of thirty years at hard labor in the custody of the Department of Corrections. Ruple appeals his conviction and sentence. We affirm.
Mrs. R, a 78 year old widow, was attacked and raped in the bedroom of her residence in Homer, Louisiana, during the predawn hours of March 21, 1982. The victim immediately reported the crime to the authorities and identified the perpetrator as her nineteen year old next door neighbor, Paul Wesley Ruple. Ruple was arrested shortly thereafter.
Ruple was formally charged by bill of information with aggravated rape and aggravated burglary. A trial on these charges was commenced but it ended when the trial judge granted the state's motion for mistrial on grounds that a prosecution for the offenses charged could not be initiated by bill of information.
Ruple was then charged by bill of information with attempted aggravated rape. His motion to quash the bill of information on grounds of double jeopardy was denied by the district court and his application to this court for supervisory writs was denied.
The defendant was then tried for attempted aggravated rape. The jury unanimously convicted Ruple of attempted aggravated rape. The district judge imposed a sentence of thirty years at hard labor.
Ruple sets out twelve assignments of error. However, he has specifically abandoned assignment of error number ten and it will not be considered.
Assignments 1, 2 and 3
The defendant assigns as error the district judge's granting of the state's motion for mistrial in the first trial, the denial of his motion to quash the original charges and the denial of his motion to quash the present charge of attempted aggravated rape. With respect to these assignments of error the defendant adopts and relies exclusively on the arguments made in his writ application to this court.
In denying the writ application we said:
"A prosecution for a crime punishable by life imprisonment is constitutionally and statutorily required to be brought by indictment. LSA-Const. Art. 1, § 15, C.Cr.P. 382. Otherwise, the prosecution is afflicted with a "legal defect", which may be noticed by a court ex proprio motu, and which may not be waived by a defendant or cured by a responsive verdict of a lesser included offense which could have been charged by a bill of information. Any verdict rendered under a bill of information charging aggravated rape would be reversible as a matter of law, C.Cr.P. 775(3). State v. Stevenson, 334 So.2d 195 (1976); State v. Donahue, *876 355 So.2d 247 (1978); State v. Davis, 385 So.2d 193 (1980)."
We adhere to those views.
A person shall not be considered as having been in jeopardy in a trial where the indictment was invalid. C.Cr.P. 595(3). Here a valid indictment was required and there was no indictment.
The mistrial was properly granted and the motions to quash were properly denied.
These assignments of error are meritless.
Assignment 4
The defendant assigns as error the denial of his motion for mistrial on grounds of a reference to other crimes by a prosecution witness.
During the direct examination of the victim by the assistant district attorney the following exchange occurred:
Q. Has he (Ruple) ever been in your house?
A. He was in there one time whenin my house. The last time that I remember him ever being in there was when he shot his little brother, and they, the law made him come over there while they made(R. 73).
It is undisputed that the victim's reference to a shooting was unsolicited and not desired by the prosecution. However, following the remark the defendant moved for a mistrial.
Mistrial under C.Cr.P. art. 771 is at the discretion of the trial judge and should be granted only where the prejudicial remarks of the witness make it impossible for the defendant to obtain a fair trial. State v. Smith, 418 So.2d 515 (La.1982).
The trial judge concluded that an admonition would be sufficient to cure any prejudice resulting from the remark. He strongly admonished the jury to disregard the comment and then asked whether any juror would not be able to disregard the remark. No juror indicated that he could not disregard the comment.
The motion for mistrial was properly denied. Under the circumstances of this case the admonition was sufficient to dispel any prejudice resulting from the victim's unsolicited remark. State v. Hutto, 349 So.2d 318 (La.1977).
This assignment of error is without merit.
Assignment 5
The defendant assigns as error the trial judge's failure to sustain objections to testimony by a serologist as to the percentage of the population with certain blood characteristics and by a toxicologist as to blood alcohol levels and the amount of alcohol required to produce them. The defendant contends that the objected to testimony was beyond the areas of expertise of the witnesses.
The test of the competency of an expert is his knowledge of a subject about which he is called upon to express an opinion. R.S.15:466. The competence of a witness to testify as an expert is a question of fact within the sound discretion of the trial judge and his rulings on this subject will not be disturbed unless clearly wrong. State v. Coleman, 406 So.2d 563 (La.1981); State v. Traylor, 311 So.2d 847 (La.1975).
The record shows that the serologist, Pat Wojtkiewicz, is the supervisor of the serology section of the North Louisiana Crime Lab. Mr. Wojtkiewicz holds a B.S. in biology and a M.S. in microbiology. He has sixteen credit hours in mathematics including statistics and probabilities. Wojtkiewicz had previously given expert testimony in the field of statistics as well as serology. The trial judge accepted Wojtkiewicz as an expert in microscopic analysis and forensic serology, including mathematical probabilities.
Mr. Wojtkiewicz's educational background and experience fully support the trial judge's conclusion that he was qualified to testify in the area of mathematical probability. The defendant's objections to the testimony concerning the percentage of the population with certain blood characteristics were properly overruled.
*877 In rebuttal the state called as a witness Mr. Jimmy Barnhill, a toxicologist. Barnhill has both a B.S. and a M.S. in chemistry and thirteen years of experience in toxicology. Barnhill is the supervisor of the chemistry section of the crime lab. He has participated in workshops and seminars on toxicology both as student and instructor. He has also taught college courses pertaining to toxicology at LSU-Shreveport and Bossier City Community College.
Barnhill gave detailed testimony as to the method he used to calculate blood alcohol levels at various prior times based on a known blood alcohol level at a specific time. He also explained the method he used to determine the amount of alcohol which must be consumed in order to produce a given blood alcohol level. The witness's testimony on these matters was within his field of expertise as a toxicologist and the defendant's objections were properly overruled.
This assignment of error is meritless.
Assignment 6
The defendant assigns as error the trial judge's refusal to admit testimony by Ricky Rainwater concerning certain statements by Doug Beavers.
The defendant sought to elicit testimony from Rainwater that Beavers, who had been a suspect in the rape, had said, referring to the rape, "I don't believe Paul done it." The state objected to this testimony as hearsay and irrelevant. The trial judge sustained the objection. The defendant argues that the evidence is non-hearsay and relevant.
Hearsay is in court testimony as to an out of court statement offered to show the truth of the matter asserted therein and, thus, resting for its value on the credibility of the out of court asserter. State v. Toomer, 395 So.2d 1320 (La.1981).
The defendant argues that the evidence is non-hearsay because it is not offered to prove the truth of the matter asserted. While under those circumstances the evidence would be non-hearsay its relevance would be highly questionable. We fail to see how the mere fact of the statement by Beavers has any tendency to prove or disprove Ruple's guilt. The trial judge properly sustained the state's objection.
This assignment of error lacks merit.
Assignment 7
The defendant assigns as error the trial judge's failure to instruct the jury as to the definition of "heterosexual rape."
The defendant submitted proposed instructions including an instruction that:
"This defendant is charged with Attempted Aggravated Rape. That makes it necessary that I define for you some of the terms and this I do by quoting from the Criminal Code of this State. Article 41 defines rape as follows:
"Rape; heterosexual;
`Heterosexual rape is the act of sexual intercourse with a female person not the wife of, or judicially separated from bed and board from, the offender, committed without her lawful consent. Emission is not necessary; and any sexual penetration, vaginal or anal, however slight, is sufficient to complete the crime.'"
The provisions of R.S. 14:41 upon which the defendant's proposed instruction is based were repealed in 1978. As reenacted § 41 no longer defines "heterosexual rape." The requested instruction was erroneous and the trial judge properly declined to give it. C.Cr.P. art. 807. We note that the instructions actually given by the district judge adequately set out the material portions of the definition of rape as presently provided by R.S. 14:41.
This assignment of error is without merit.
Assignment 8
The defendant assigns as error the trial judge's failure to instruct as to the definition of "attempt." A review of the record shows that the jury was fully instructed as to attempt. R. 734. The substance of the requested charge as to the definition of attempt was included in the charge given and, thus, there was no error *878 in not giving the requested charge. C.Cr.P. art. 807.
This assignment of error is meritless.
Assignment 9
The defendant assigns as error the trial court's inclusion in its instructions an instruction that guilty of attempted simple rape was a responsive verdict to the charge of attempted aggravated rape.
A party may not assign as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the error. C.Cr.P. art. 801.
Guilty of attempted simple rape is not a responsive verdict to a charge of attempted aggravated rape. See C.Cr.P. art. 814(A)(9). The trial judge erred in instructing the jury to the contrary.
However, the defendant did not object to the charge and instead requested it. R. 38. Further, the jury found the defendant guilty of attempted aggravated rape and did not make a finding on the erroneous responsive verdict.
Under these circumstances the defendant is not entitled to raise this error. C.Cr.P. art. 801. Nevertheless, we observe that there is no reversible error because the defendant was not prejudiced by it. C.Cr.P. art. 921. See State v. Beavers, 394 So.2d 1218 (La.1981) (defendant not prejudiced by inclusion of a responsive verdict on which trier of fact made no finding).
This assignment of error lacks merit.
Assignment 11
Defendant assigns as error the jury's conclusion, implicit in its verdict, that the victim resisted to the utmost and was overcome or that she was prevented from resisting by threats of great and immediate bodily harm accompanied by the apparent power of execution. See R.S. 14:42(1) and (2). We interpret this as an assignment of insufficient evidence with respect to these issues.
The test for sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Here our inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the victim resisted to the utmost and her resistance was overcome or that victim was prevented from resisting by threats of great and immediate bodily harm accompanied by the apparent power of execution.
The victim (age 78) testified that Ruple (age 19) burst into her bedroom and attacked her. She testified that he beat her, choked her and threatened to kill her. The victim testified that she did her best to protect herself and prevent the rape but, as she observed, "There wasn't much I could do," and in the end her efforts were unsuccessful.
From this evidence a rational trier of fact could find that the victim resisted to the utmost and was overcome. The evidence supports the jury's verdict.
This assignment of error lacks merit.
Assignment 12
Through this assignment defendant attacks his sentence. He assigns as error the failure of the trial judge to allow him the opportunity to present mitigating circumstances before the sentence was imposed.
The transcript of the sentencing shows that defendant did not request such an opportunity prior to sentencing. When the defendant objected to the lack of such an opportunity after he was sentenced the trial judge immediately offered the defendant an opportunity to present mitigating factors and stated that he would change the sentence if defendant presented factors making a lesser sentence appropriate.
Defense counsel then presented the court with several factors. The trial judge's excellent sentencing reasons show that he had previously considered most of these factors.
*879 He found the remaining factors insufficient to indicate that a different sentence should be imposed.
The defendant cites no authority which would require that he be allowed to make a pre-sentencing presentation of mitigating circumstances. Further, the defendant was allowed to make a presentation of mitigating circumstances immediately upon request and the trial judge agreed to consider those circumstances and change the sentence if a change was appropriate. This action was sufficient to cure any prejudice to defendant. As defendant was not prejudiced by the alleged error it would not provide grounds for reversal. C.Cr.P. art. 921.
This assignment of error is without merit.
Conclusion
The conviction and sentence of the defendant, Paul Wesley Ruple, are AFFIRMED.