444 So.2d 253 (1983)
STATE of Louisiana
v.
Gary MOORE.
No. 83 KA 0575.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
Rehearing Denied January 19, 1984.
*254 Ossie B. Brown, Dist. Atty. by Thomas Damico, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
John Comish, Baton Rouge, for defendant-appellant.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
Defendant, Gary Moore, was charged by grand jury indictment with having committed the crime of forcible rape in violation of LSA-R.S. 14:42.1. Defendant pled not guilty and waived jury trial. After trial by a judge alone, defendant was found guilty of sexual battery in violation of LSA-R.S. 14:43.1 and sentenced to nine and one-half (9½) years at hard labor with credit for time served in custody on this charge from arrest to date of sentence. Defendant now appeals his conviction alleging five assignments of error and briefing one. In defendant's only assignment of error properly presented to this court, he alleges that the trial court erred when it denied defense counsel's motion for a directed verdict (judgment of acquittal) on the charge of forcible rape. Since defendant has neither briefed nor argued the other assignments, we will consider them as abandoned. Uniform Rules-Courts of Appeal, Rule 2-12.4.
About 11:00 p.m. on December 2, 1980, defendant, his brother and another black male, picked up the 14 year old female victim and her two male companions who had asked for a ride to the home of one of the males. Instead, they all went for a ride into the neighboring areas. During this ride, defendant produced a gun. There was some argument among the males and at one point defendant ordered one of the male friends to leave the car and walk down the road. However, that argument resolved itself and after all persons returned to the car, the occupants resumed cruising the area. At some point, defendant's brother obtained control of the gun. Later, defendant's brother stopped the car again, held the gun on the two companions of the victim and told them to run away and not turn around or he would shoot them. Defendant's brother then got in the back of the car, held the gun on the victim and told her to shut up or he was going to shoot her. Defendant was then sitting in the passenger seat in the front; the third of the original three males was driving the car. After driving to a city-parish park, defendant's brother made everyone get out of the car. Allegedly, defendant put his arms around the victim and tried to comfort her while attempting to talk his brother into not hurting the victim. The record indicates that defendant's brother had been talking about having sex with the young lady. Defendant told the remaining companion to run and get the police. The male friend took off into the bushes. After running zig-zag until he reached the car, the friend jumped in and drove away.
At this point, defendant's brother, still holding the gun, told defendant and the victim to go into an area covered by trees. Defendant continued to try to comfort the victim. The brother then instructed defendant to have sex with the victim. The victim resisted as much as she could; however, defendant laid on top of her and tried to pull open her legs, telling the victim not to worry, that he was not going to have sex with her. Defendant's brother then told defendant to get up, gave the gun to defendant and proceeded to rape the victim without the victim's consent, while defendant stood by and watched. While defendant *255 was holding the gun, he allegedly continued to exalt his brother not to harm the victim.
The testimony reflects that the defendant would occasionally walk away from the rape scene only to return later and watch his brother have sex with the victim. The victim testified that she was fearful of defendant and also that defendant's brother said he would kill her if she did not do what he wanted. She stressed that at no time did she consent to have sex with either defendant or his brother. When asked at trial whether defendant had accomplished penetration when attempting sex with her, she was not really sure. At one point, she said yes, penetration was accomplished, at another point she was not sure. The defendant did not take the stand at trial; however, after he was arrested he made a statement to police in which he denied having sex with the victim. The clothes defendant was wearing at the time of the alleged rape were tested for seminal stains. The shirt resulted in positive stains although the lab technician testified that she could not say when the seminal fluid was deposited on the shirt, that it could have been possibly a week prior to the date of testing. Defendant's pants and khaki shorts tested in the negative. Following the alleged rape, the brothers left the scene and the victim walked a great distance back to her friend's grandmother's house. One of the male companions who had been with them earlier in the evening was there and told her he had already called the police who arrested defendant and his brother later that morning.
ASSIGNMENT OF ERROR NUMBER 1
Defendant contends that the trial court erred when it denied defense counsel's motion for acquittal. Defendant argues that the prosecutor failed to prove that defendant either forced (or threatened) the victim to participate in the sexual encounter, an essential element of the crime of forcible rape.[1] In the alternative, defendant argues that he was compelled to commit a sexual act upon the victim and, therefore, was justified in his actions.
LSA-C.Cr.P. art. 778 reads in pertinent part as follows:
In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of the defendant, after the close of the state's evidence or of all the evidence, if the evidence is insufficient to sustain a conviction.
When considering the sufficiency of the evidence raised by a motion for judgment of acquittal, the standard of review is whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Smith, 431 So.2d 106 (La. App. 1st Cir.1983).
LSA-R.S. 14:18, entitled "Justification; general provisions", provides in pertinent part:
The fact that an offender's conduct is justifiable, although otherwise criminal, shall constitute a defense to prosecution for any crime based on that conduct. This defense of justification can be claimed under the following circumstances:
* * * * * *
(6) When any crime, except murder, is committed through the compulsion of threats by another of death or great bodily *256 harm, and the offender reasonably believes the person making the threats is present and would immediately carry out the threats if the crime were not committed...

* * * * * *
The defense of compulsion must be proved by defendant by a preponderance of the evidence. State In Interest of White, 411 So.2d 537 (La.App. 1st Cir. 1982). Additionally, the trier of fact has the discretion to return a verdict of guilty of certain lesser offenses, less serious than the one charged in motive and in penalty. LSA-C.Cr.P. 820; State v. Madison, 319 So.2d 912 (La.1975). Sexual battery is a responsive verdict to forcible rape. LSA-C.Cr.P. 814(A)(10).
The record reveals that defendant filed his motion for judgment of acquittal after the state rested its case in chief. The court denied the motion. Defendant offered no evidence in his behalf and after closing arguments, the trial judge rendered his verdict of guilty of sexual battery.
Defendant was initially charged with and tried for forcible rape. The elements of the offense of forcible rape are: 1) the act of anal or vaginal sexual intercourse; 2) with a male or female person who is not the spouse of the offender; 3) without lawful consent of the victim; 4) committed because the victim is prevented from resisting the act by force or threats of physical violence and circumstances where the victim reasonably believes such resistance would not prevent the rape; 5) emission is not necessary and any sexual penetration, vaginal or anal, however slight is sufficient to complete the rape. LSA-R.S. 14:42.1, 14:41.[2]
Under the facts of this case, considering the testimony and evidence offered at trial, we find sufficient evidence was presented by the state to find that the state produced some evidence of the crime or the essential elements thereof; therefore, we find no abuse of discretion on the part of the trial judge in denying defendant's motion for judgment of acquittal. See, e.g., State v. Hill, 431 So.2d 871 (La. App. 2nd Cir.1983). More specifically, viewing the evidence in the light of defendant's conviction of sexual battery, we find that any rational trier of fact could conclude that the state had proven beyond a reasonable doubt all the elements of the crime of sexual battery, and, further, reviewing the sufficiency of circumstantial evidence offered at trial under the standards set forth in LSA-R.S. 15:438[3], we find that such circumstantial evidence excludes all reasonable hypothesis of defendant's innocence in the commission of the crime of sexual battery.
As to the argument that defendant was forced by his brother to commit a sexual act upon the young victim and was therefore justified in committing such act, we note the victim's testimony that defendant's brother, although in command of the gun, did not at any time during the incident point the gun at defendant, nor did defendant refuse to follow his brother's request to have sex with the victim. Additionally, defendant later held the gun while his brother raped the victim. The preponderance of the evidence at trial substantiates the trial judge's finding that justification was not a defense available to defendant under the facts of this case; and, therefore, we find no abuse of discretion on the part of the trial judge.
*257 The state argues that defendant was a principal[4] to the crime of rape committed by his brother Daniel. Even if we do so find, the court in State v. McAllister, 366 So.2d 1340 (La.1978) held that one who aids and abets in the commission of a crime may be charged and convicted with a higher or lower degree of crime depending on the mental element proved at the trial. Herein, defendant was found guilty of a lower degree of crime. We find no error in this verdict.
Having found no merit to the single assignment of error presented to this court, we affirm defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] LSA-R.S. 14:42.1. Forcible rape

Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.
Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than two nor more than forty years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence.
[2] LSA-R.S. 14:41. Rape; defined

Rape is the act of anal or vaginal sexual intercourse with a male or female person who is not the spouse of the offender, committed without the person's lawful consent.
Emission is not necessary; and any sexual penetration, vaginal or anal, however slight is sufficient to complete the crime.
For the purposes of this Chapter, a person shall not be considered to be a spouse if a judgment of separation from bed and board has been rendered.
[3] LSA-R.S. 15:438. Circumstantial evidence

The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.
[4] LSA-R.S. 14:24. Principals

All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.