489 So.2d 402 (1986)
STATE of Louisiana
v.
Doretha BARNES.
No. 86-KA-5.
Court of Appeal of Louisiana, Fifth Circuit.
May 12, 1986.
Rehearing Denied June 17, 1986.
*403 Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for State.
Raleigh L. Ohlmeyer, Jr., New Orleans, for defendant/appellant.
Before BOWES, GRISBAUM and DUFRESNE, JJ.
BOWES, Judge.
Defendant-appellant, Doretha Barnes, was charged, March 5, 1985, by a bill of information, with violating L.R.S. 14:71, issuing worthless checks in excess of $500.00. The defendant was arraigned, pled not guilty, and, on May 15, 1985, proceeded to trial before a jury of six persons. The jury returned a verdict of guilty and, on May 24, 1985, the trial judge sentenced Mrs. Barnes, stating:
It's been my consistent position all along in this case and I said to you that if the jury found this lady guilty I was going to put her in jail. Nothing has changed. This morning I thought about this case since the jury returned the verdict.
I am going to sentence her now and I am going to put her in jail. The judgment of this Court is that she is sentenced to serve six months in the Parish Prison.
I have considered Article 894.1 and under the circumstances of this case, she should be incarcerated.
From the above conviction and sentence, the defendant appeals, assigning the following as errors:
ASSIGNMENT OF ERROR NO. 1
The Trial Court erred in not allowing the defendant to display or describe wounds that would corroborate her testimony that she acted under compulsion of threats by her deceased husband.
ASSIGNMENT OF ERROR NO. 2
The Trial Court erred in instructions to the jury in the law of justification in that the court did not inform the jury that the defendant must only prove an affirmative defense by a preponderance of the evidence.
ASSIGNMENT OF ERROR NO. 3
The Trial Court erred in sentencing the defendant by failing to comply with La.C. Cr.P. Art. 894.1 in that the trial court failed to state for the record the considerations taken into account and the factual basis therefor in imposing sentence.
ASSIGNMENT OF ERROR NO. 4
The Trial Court erred in sentencing the defendant by giving an excessive sentence of six (6) months in Parish Prison.
*404 Between February 7, 1984 and March 15, 1984, the defendant cashed six personal checks totaling approximately fifteen hundred dollars at the Nicholson and Loup Food Giant in Gretna, La. The checks were drawn against a previously-closed account in the defendant's name at Northwestern National Bank of Minneapolis, Minnesota. The checks were returned with a notation by the bank explaining that the account on which they were drawn was "not on file." Mrs. Barnes admitted that she cashed the checks in exchange for currency despite knowing that they were drawn on a non-existent account. She contends, however, that she was acting under compulsion and therefore her conduct was justifiable.
Assignment of Error No. 1
The Trial Court erred in not allowing the defendant to display or describe wounds that would corroberate [sic] her testimony that she acted under compulsion of threats by her deceased husband.
At trial, the defendant admitted that she knowingly issued checks drawn on a non-existent account; however, she contended that her husband compelled her to do so under threat of death, thereby seeking to establish an affirmative defense.
R.S. 14:18(6) provides in pertinent part:
The fact that an offender's conduct is justifiable, although otherwise criminal, shall constitute a defense to prosecution for any crime based on that conduct. This defense of justification can be claimed under the following circumstances:
. . . . .
(6) When any crime, except murder, is committed through the compulsion of threats by another of death or great bodily harm, and the offender reasonably believes the person making the threats is present and would immediately carry out the threats if the crime were not committed.
The defense of compulsion must be established by a defendant by a preponderance of evidence. State v. Moore, 444 So.2d 253 (La.App. 1st Cir.1983); State in the interest of White, 411 So.2d 537 (La. App. 1st Cir.1982; and State v. Landry, 381 So.2d 462 (La.1980).
An appellate court, in reviewing a criminal conviction, must determine whether the evidence, when viewed in the light most favorable to the prosecution, was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the accused was guilty of every element of the offense. State v. Camp, 446 So.2d 1207 (La.1984); State v. Wright, 445 So.2d 1198 (La.1984). In reviewing a conviction in which the defendant offered evidence tending to establish the defense of compulsion, an appellate court must determine whether a rational trier of fact could have concluded by a preponderance of the evidence, viewed in the light most favorable to the prosecution, that the defendant's criminal actions were not compelled. See State v. Cheatwood, 458 So.2d 907 (La.1984).
Under Cheatwood and Landry, it was the defendant's burden of proving by a preponderance of the evidence that she was compelled to commit the charged offense. During defense counsel's case-in-chief, both the defendant and her daughter testified that the defendant's now deceased husband, an alleged drug addict, forced the defendant to cash checks to support his habit. Both related that, at various times in the past, Mrs. Barnes had been shot, stabbed and burned with cigarettes by her husband when he did not have the money to support his habit. They also testified that he would sometimes drive appellant to the store and force her to go in and cash checks, threatening to kill her if she did not comply.
The defendant testified that her husband began to abuse alcohol and drugs in 1971 or 1972 and that he had received treatment for mental illness at a V.A. Hospital. She related that about two years before he died her husband came to Minnesota, where she was then employed, in search of money and shot her four times when she could not provide any. At this point, defense counsel asked Mrs. Barnes to show the jury the *405 scars from the gunshot wounds. The prosecutor objected, stating:
MR. CREDO:
Your Honorwait, wait. At this time, your Honor, we'll stipulate that if the lady was shot four times, there are maybe four bullet holes which produce four scars. I don't think there's any necessity for this lady to show her scars.
[...]
THE COURT:
You object to showing of the scars?
MR. CREDO:
Objection.
This objection was sustained by the trial judge. Defense counsel then asked the defendant to describe the scars; however, the trial judge sustained the prosecutor's objection to this on relevancy grounds. The defendant went on to state that her husband forced her to cash the checks under threat of death and that he beat her with a pipe and burned her with cigarettes. She began pointing to scars on her body, whereupon the prosecutor again objected on relevancy grounds and further argued that the evidence was prejudicial.
Defense counsel countered that the evidence sought to be introduced was admissible as it was directly relevant to the defense of justification. The trial judge, however, once again, sustained the prosecutor's objections.
The defense lodged contemporaneous objections to each of the trial judge's rulings and contends on appeal that the introduction of this demonstrative evidence (the scars), together with the testimony of the defense witnesses, would have established the affirmative defense of compulsion by a preponderance of the evidence, and that the trial judge erred in sustaining the prosecutor's objections and refusing to admit the proffered evidence.
The Supreme Court discussed statutory evidence rules in State v. Ludwig, 423 So.2d 1073, 1077 (La.1982) as follows:
All evidence which is relevant to a material issue, necessary to be known to explain a relevant fact, or which supports an inference raised by such a fact, is admissible, La.R.S. 15:435, 441, except as otherwise provided by the constitution of the United States or this state, by law or by rule of this court. See, e.g. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961) (exclusion based on Fourth Amendment); State v. Kinnemann, 337 So.2d 441 (La.1976) (applying La. Const. art. I, Section 5,); State v. Dawson, 392 So.2d 445 (La.1980) (Louisiana's `rape shield' statute); State v. Prieur, 277 So.2d 126 (rule of court). Cf. Fed.R.Evid. 402. Relevant evidence is defined by our laws as `that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.' La.R.S. 15:441. Relevancy of evidence is determined by the purpose for which it is offered. La.R.S. 15:442.
R.S. 15:442 provides that:
The relevancy of evidence must be determined by the purpose for which it is offered; and when evidence has been excluded when offered for one purpose, but admitted when offered for another, its effect must be restricted to the purpose for which admitted, but no one can be heard to establish a fact for one purpose and deny it for another.
Continuing its discussion of statutory evidence rules, the Ludwig court stated:
The standard of relevancy adopted by our statutory evidence rules is based on logic and experience ... So long as the proffered evidence has a tendency to make a consequential fact more or less probable the "logical" relevancy test is satisfied. Our statutes require that evidence must be relevant to a "material issue" La.R.S. 15:435, but that evidence which "explains[s] a relevant fact"
or "support[s] an inference" therefrom is admissible, and that relevant evidence is that which has a tendency to further the inquiry as to the commission of the offense and the intent. La.R.S. 15:441. Accordingly, we conclude that a fair reading of our statutory evidence rules as a whole indicates that the term "material *406 issue" must be read in ordinary usage to mean of solid or weighty character, of consequence, or importance, rather than in an artificial or legalistic sense.
Consequently, the sum and substance of our statutory relevancy rules, is essentially identical in concept to FRE 401, which provides: "`Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
Ludwig, supra at 1077-1078.
Under the latter interpretation of "relevant evidence", we find evidence in support of a justification defense would certainly be "of consequence" to the determination of the case, for proof of the defense negates criminal culpability. Cheatwood, supra; and the learned trial judge did allow a great amount of testimony to this effect. The assignment of error in question has to do with demonstrative evidence of the scars themselves.
In State v. Ludwig, supra, the court concluded that the trial judge erred in finding that evidence that the victim's wife had shot the victim in the leg or foot some six months prior to the night of the murder which the defendant was charged was not (technically) "relevant", yet they held that he properly excluded this evidence, reasoning as follows:
The evidence does have a slight tendency to make the fact that Mrs. Harr fatally shot her husband more probable than it would be without the evidence. Nevertheless, we think that he properly excluded the evidence. [emphasis ours]
It is generally accepted that the trial judge should exclude circumstantial evidence, even though logically relevant, if its probative value is outweighed by the risk that its admission will consume too much time, unnecessarily confuse the jury concerning the issues to be determined, tend to excite the emotions of the jury to the undue prejudice of the opponent, or unfairly surprise the opponent.... The probative value of evidence of a possibly accidental shooting six months before the charged offense was substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and undue delay or waste of time. Accordingly, the evidence was properly excluded by the trial court despite the fact that it was relevant and of some slight probative value. [emphasis ours]
Ludwig, supra at 1078-1079.
A trial judge's determination regarding the relevancy of offered evidence is entitled to great weight and should not be overturned absent a clear abuse of discretion. State v. Freeman, 447 So.2d 1145 (La.App. 3rd Cir.1984) writ denied 449 So.2d 1356.
In State v. Gibson, 391 So.2d 421 (La. 1980), the Supreme Court adopted the harmless error test of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The question is whether there is a reasonable possibility that the admission or exclusion of certain evidence "might have contributed to the conviction." The court must be able to declare that the error was "harmless beyond a reasonable doubt." See State v. Martin, 458 So.2d 454 (La.1984).
Although it might be viewed as technically "relevant" evidence under Ludwig, demonstrative evidence in the form of scars from earlier incidents could also be properly excluded under the reasoning of the very same case (see second quoted paragraph of Ludwig above). Further, it appears that the defendant did point out several scars from injuries allegedly inflicted by her deceased husband (Vol. I, Tr. p. 64) and in regard to the scars from the alleged gunshot wounds, the prosecutor stipulated "there are maybe four bullet holes which produce four scars." (Vol. I, Tr. p. 61). More importantly, the defendant and her daughter were allowed to testify fully about the deceased's alleged prior violent acts against the person of the defendant. This testimony was the critical evidence, for the scars themselves gave no indication as to who inflicted the wounds and under what circumstances. If the jury was not *407 persuaded by corroborated defense testimony as to how the scars were incurred, it apparently would not have rendered a different verdict even had it seen all of the scars. The scars themselves were of little evidentiary value unless a causal connection was established, and the jury apparently rejected defense testimony on the issue, for it returned a verdict of guilty, thereby rejecting defendant's justification defense.
As noted earlier, it was the defendant's burden to prove by a preponderance of evidence that she committed the charged offenses through the compulsion of threats by her husband of death or great bodily harm, and that she reasonably believed he was present and would immediately carry out the threats if the crimes were not committed. "A preponderance of the evidence" has been defined as the situation which exists when the evidence, taken as a whole, shows that the facts sought to be proved are more probable than not. Mouton v. P.A.B., Inc., 450 So.2d 410 (La. App. 3rd Cir.1984); Wilson v. MFA Sec. Service Co., 410 So.2d 1177 (La.App. 3rd Cir.1982). Proof which establishes only possibility, speculation or unsupported probability does not suffice to establish a claim. IMC Exploration Co. v. Henderson, 419 So.2d 490 (La.App. 2nd Cir.1982).
Although the defense witnesses testified that the defendant was acting under threat of death when she cashed the checks, the prosecutor pointed out that pictures taken of the transactions clearly show that the defendant was alone when she cashed the checks. The defendant admitted that her husband sometimes waited in the car or other areas of the store while she cashed the checks. Thus there appears to be some question as to whether her husband was "present and would immediately carry out the threat if the crimes were not committed." Further, help was certainly available in the store had the defendant requested it. The prosecutor pointed out that defendant's husband, who was 76 years old at the time of his death, was twenty-years older than the defendant. The prosecutor also elicited an admission from the defendant that she had four forgery convictions, thereby indicating that her credibility was very questionable, a circumstance which certainly must have been considered by the jury.
Considering all of the above, we hold that the trial judge's ruling on the admissibility of the proffered evidence was correct under Ludwig, supra, and, even if erroneous, was harmless error beyond a reasonable doubt under Gibson, supra, and Martin, supra. We further hold that the defendant failed to meet her burden of proof as to the defense of compulsion and we find no error in the jury's verdict.
This assignment is without merit.
Assignment of Error No. 2
The trial court erred in instructions to the jury in the law of justification in that the court did not inform the jury that the defendant must only prove an affirmative defense by a preponderance of the evidence.
La.C.Cr.P. art. 801 provides as follows:
The court shall charge the jury after the presentation of all evidence and arguments. The court shall reduce its charge to writing if it is requested to do so by either a defendant or the state prior to the swearing of the first witness at the trial on the merits. The court's written charge shall be read to the jury. The court shall deliver a copy thereof to the defendant and to the state prior to reading it to the jury.

A party may not assign as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the alleged error. The nature of the objection and grounds therefor shall be stated at the time of objection. The court shall give the party an opportunity to make the objection out of the presence of the jury. [emphasis added]
The courts have indicated that a defendant must object to proposed charges and state the basis for his objection if he is *408 to preserve the issue for appeal. See La.C. Cr.P. art. 841; State v. Jackson, 450 So.2d 621 (La.1984); State v. Henry, 449 So.2d 486 (La.1984); State v. Ruple, 437 So.2d 873 (La.App. 2nd Cir.1983). In the instant case, the defendant did not object to the jury charges; in fact, he specifically stated that he was satisfied with the proposed charges. (Vol. I, Tr. P. 84). It was at defense counsel's request that the trial judge included a special charge on justification. Because he did not object to the charge at a time when any errors could have been corrected by the trial judge, we hold that defense counsel is precluded from raising this issue on appeal and this assignment is meritless. See Jackson, supra; Ruple, supra; State v. Necaise, 466 So.2d 660 (La.App. 5th Cir.1985).
Assignment of Error No. 3
The trial court erred in sentencing the defendant by failing to comply with La. C.Cr.P. art. 894.1 in that the trial court failed to state for the record the considerations taken into account and the factual basis therefor in imposing sentence.
Assignment of Error No. 4
The trial court erred in sentencing the defendant by giving an excessive sentence of six (6) months in Parish Prison.
Because of the intrinsic relationship between compliance with the provisions of La.C.Cr.P. art. 894.1 and appellate inquiry into excessiveness of sentences, these assignments have been joined for argument.
Article I, Section 20 of the Louisiana Constitution of 1974 states in pertinent part that "no law shall subject any person... to cruel, excessive, or unusual punishment...." A sentence is excessive if it is grossly out of proportion to the severity of the crime or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Howard, 414 So.2d 1210 (La.1982); State v. Allen, 451 So.2d 618 (La.App. 5th Cir.1984). In State v. Sepulvado, 359 So.2d 137, appeal after remand 367 So.2d 762, 767 (La.1979), the court expressly stated that "the imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against excessive punishment that is enforceable ... on appellate review of his conviction." Thus, a sentence may be reviewed for excessiveness though it is within the prescribed statutory range. State v. Smith, 433 So.2d 688 (La.1983); State v. Guajardo, 428 So.2d 468 (La.1983).
For the purpose of appellate review, LSA C.Cr.P. art. 894.1 functions to afford the appellate court some insight into the trial court's reasoning process so that the propriety of the sentence can be better evaluated and a determination reached of whether the trial judge's sentence is excessive.
When sentencing the defendant, the trial judge rejected defense counsel's plea for probation with restitution. (See sentencing colloquy on page one of this opinion). It is readily apparent that the trial judge did not comply with art. 894.1 when sentencing the defendant. Merely stating that he considered the statute, without a statement of the particular considerations made and the factual basis for imposing the sentence, did not satisfy art. 894.1. See State v. Humphrey, 412 So.2d 507 (La.1981) appeal after remand 445 So.2d 1155. However, failure to comply with the article does not automatically render a sentence invalid. State v. Davis, 448 So.2d 645 (La.1984); State v. Wimberly, 414 So.2d 666 (La.1982); State v. Smith, supra; State v. Kennedy, 461 So.2d 455 (La. App. 5th Cir.1985).
In Wimberly, supra at 672, the court stated:
In those cases in which we have vacated the sentence and remanded the case for resentencing in full, recorded compliance with Article 894.1, our action was not prompted simply by the sentencing judge's failure to give his reasons for the penalty imposed. Rather, it was because, based on the inadequate record presented to us, there appeared to be a substantial possibility that the defendant's complaints of an excessive sentence had merit. In each case, pursuant to our *409 duty to uphold the constitution, which expressly prohibits the imposition by law of excessive punishment, we vacated the sentence and remanded the case for resentencing on an adequate record, including strict compliance with Article 894.1.
Ergo, so long as the record clearly reflects an adequate factual basis for the sentence imposed, remand is unnecessary. See also State v. Lanclos, 419 So.2d 475 (La.1982).
The maximum penalty for a violation of R.S. 14:71 when the amount in controversy exceeds five hundred dollars is imprisonment for up to ten years at hard labor and a three thousand dollar fine (See R.S. 14:71 C). The defendant was sentenced to six months in Parish Prison and was not fined. The sentence imposed is at the extreme low end of the sentencing scale, 1/20 of the statutory maximum. As the defendant had four prior felony convictions, she was ineligible for probation under the provisions of La.C.Cr.P. art. 893. The only other alternative was imposition of a fine with no jail time. However, the defendant was indigent.
Under the circumstances presented herein, we find that the trial judge's non-compliance with C.Cr.P. art. 894.1 (although not commendable) does not require remand as the record clearly reflects that the sentence imposed here is not severe in relation to the actual offense committed by this particular defendant.
Accordingly, we find no merit in any of the assignments of error and we affirm the defendant's conviction and sentence.
AFFIRMED.