459 So.2d 28 (1984)
STATE of Louisiana
v.
Larry Charles JAMES.
No. 83 KA 1131.
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
Rehearing Denied November 21, 1984.
*29 James L. Alcock, Asst. Dist. Atty., Houma, for appellee, State of La.
Indigent Defenders Bd., Houma, for appellant, Larry Charles James.
Before COVINGTON. LOTTINGER and PONDER, JJ.
PONDER, Judge.
Defendant was found guilty of second-degree murder, a violation of LSA-R.S. 14:30.1. He was sentenced to mandatory life imprisonment at hard labor, without benefit of probation, parole or suspension of sentence.
Defendant assigns as reversible error solely the trial judge's ruling that a written inculpatory statement, dictated and signed by the defendant, was freely and voluntarily made and thus admissible evidence.
We affirm.
Defendant shot his estranged wife four times, after a brief argument, before several witnesses. After defendant had turned himself in at the Thibodaux City Police Station and was transferred to the Terrebonne Parish Sheriff's Department in Houma, he signed a waiver of rights form and made a written inculpatory statement, admitting that he had shot his wife. He argues that the statement was not freely and voluntarily made because law enforcement officials taking his statement: (1) failed to inform him that his wife had died and (2) told him that it would be "better on" him if he made a statement.
Before a confession or inculpatory statement can be introduced into evidence, the state has the burden of affirmatively proving, beyond a reasonable doubt, that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. LSA-R.S. 15:451; State v. Simmons, 443 So.2d 512 (La.1983); State v. Green, 443 So.2d 531 (La.1983); State v. West, 408 So.2d 1302 (La.1982). Additionally, the State must show that an accused who makes a statement or confession during custodial interrogation was first advised *30 of his Miranda rights. State v. Green, supra; Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Once a defendant alleges specific instances of police misconduct in reference to a statement, it is incumbent upon the State to specifically rebut each instance. State v. Dison, 396 So.2d 1254 (La.1981); State v. Franklin, 381 So.2d 826 (La.1980). The trial court's conclusion about the admissibility of a confession or statement, if supported by the evidence, will not be disturbed on appeal. State v. Burkhalter, 428 So.2d 449 (La.1983); State v. Nathan, 444 So.2d 231 (La.App. 1st Cir.1983), writ denied 445 So.2d 1232 (La.1984).
Defendant first argues that the action of the interrogating deputies in withholding from him the knowledge of his wife's death constituted a form of inducement or coercion, rendering his statement inadmissible as not being freely and voluntarily made.
At trial, defendant gave contradictory statements as to when he was told of his wife's death; the testimony of the deputies who took his statement was also inconsistent on this issue. Assuming, for the sake of argument, that defendant did not know the fatal effect of the wounds he had inflicted upon his wife, and that the interrogating deputies failed to inform him of her death, these facts alone would not compel a conclusion that defendant's statement was not freely and voluntarily made. The Louisiana Supreme Court has established that the central determination of voluntariness is whether the statements made are the product of the defendant's free and rational choice. State v. Richey, 364 So.2d 566 (La.1978); State v. Glover, 343 So.2d 118 (La.1977).[1] Making this determination requires an examination of the totality of the circumstances. Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981).
Defendant knew at the least that his wife was in extremely serious condition after having been shot by him a number of times at close range. He was aware of the illegal nature of his act, as is evident from his turning himself in to the police. He had been arrested and charged either with suspicion of murder or attempted murder. He was fully informed of his Miranda rights at least three times. Although defendant was emotionally distraught, that clearly did not affect his understanding of his rights. He agreed to make a statement and signed a waiver of rights form.
Defendant does not argue that he did not understand that he had a constitutionally protected right to remain silent, to refuse to make a statement, and that anything he said could be used against him in a criminal prosecution. The record supports the conclusion that the defendant fully understood these rights and the consequences of waiving them. Defendant's statements were the product of his free and rational choice, despite the fact that he may not have known of the fatal effects of his criminal actions. In light of all of the circumstances, the record supports the trial court's conclusion that the defendant's statement was freely and voluntarily made, and thus admissible.
Defendant next contends that his statement was not freely and voluntarily made because one of the deputies improperly influenced his decision by telling him that giving a statement would "make it better on" him.
Both deputies denied ever making such a statement to the defendant. The ruling that the statement was freely and voluntarily made could have been based upon the *31 finding that the deputies' testimony was more credible than the defendant's. Moreover, defendant does not contend that the deputies made any specific promises to him in an effort to get him to make a statement. The Louisiana Supreme Court has held that general statements to the effect that an accused would be "better off" if he cooperated by giving a statement are not "promises or inducement designed to extract a confession", and thus do not render a subsequently given statement or confession inadmissible on the grounds that it was not freely and voluntarily made. State v. Petterway, 403 So.2d 1157 (La. 1981).
Defendant's second argument is also without merit.
For the foregoing reasons, we affirm defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] In State v. Davis, 162 La. 500, 110 So. 733 (1926), the court inquired as to whether the failure to inform defendant of the fact that his victim was dead was treatment "designed by effect on body or mind to compel a confession", and determined that under the circumstances, it was not. Thus the defendant's confession was held to be admissible.

Determining whether a statement was the product of a defendant's free and rational choice involves a determination of whether the failure to inform, in this instance, was designed to coerce or compel a statement or confession from the defendant.