EDWARDS, Judge.
Defendant was convicted of simple burglary, a violation of LSA-R.S. 14:62, and sentenced to eight years at hard labor.[1] Having been granted an out-of-time appeal, defendant alleges that the trial court erred by admitting into evidence two inculpatory statements made by him, that there was insufficient evidence to support his conviction, and that he received an excessive sentence.
Defendant was charged with burglarizing a residence in Napoleonville while the owner was at work. Three televisions, two clocks, and a microwave oven were recovered from inside and underneath an abandoned truck located on a lot behind the burglarized house. Also reported missing from the house but never recovered were a .22 caliber pistol and a diamond watch.
Mervin Smith, who had been cutting grass at a residence next door to the burglarized house, gave a statement to Assumption Parish Sheriff’s deputies in which he identified the defendant as one of two subjects he observed riding bicycles past the burglarized residence at approximately 3:30 p.m. on the day of the burglary.[2] Smith indicated that he saw the defendant walk in the side yard of the burglarized residence, and then about ten minutes later, leave and walk across the street to some apartments. Defendant was arrested later that evening.
INCULPATORY STATEMENTS
Defendant contends that the trial court erred by admitting into evidence two of his inculpatory statements. The first was made to Assumption Parish Sheriff’s Deputy Roland Gauthreaux, in the presence of Napoleonville Police Officer Lawrence Williams. Defendant informed them that the microwave taken from the burglarized residence could be found underneath the abandoned truck hidden behind a large piece of wood.
Before a confession or inculpatory statement can be introduced into evidence, the state has the burden of affirmatively proving beyond a reasonable doubt that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. LSA-R.S. 15:451; State v. James, 459 So.2d 28 (La.App. 1st Cir.1984).
*710 Furthermore the state must show that an accused who makes a statement or confession during custodial interrogation was first advised of his Miranda rights. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
Defendant contends that he was not fully informed of his Miranda rights, specifically lacking the warning that anything he might have said could be used against him in court. Officer Williams and Deputy Gauthreaux testified that the defendant signed a written waiver of rights form. Although this form was not admitted into evidence, the state need only prove by the evidence that the defendant was given his rights. State v. Odds, 448 So.2d 868 (La.App. 1st Cir.1984), cert. denied, 477 So.2d 701 (La.1985). Deputy Gau-threaux testified that he and Officer Williams both informed defendant of his Miranda rights before defendant made a statement. In his testimony, Deputy Gau-threaux repeated the Miranda warnings he had given to the defendant, including the warning that defendant had the right to remain silent and that anything he said could be used against him in court. This testimony clearly establishes that defendant was fully advised of his Miranda rights before he gave this statement. Thus the court was correct in allowing the statement into evidence.
In the second statement defendant confessed to Napoleonville Police Chief Leo Caballero that he had participated in the burglary with Douglas Bougere and that his fingerprints could be found on a television set taken in the burglary. Defendant contends that this confession was inadmissible because it resulted from inducements and promises by Chief Caballero to secure his release on bail for the upcoming weekend. When defendant alleges actual police misconduct to obtain a confession, the state must rebut the allegations specifically. State v. Wright, 441 So.2d 1301 (La.App. 1st Cir.1983). The trial court’s conclusion about the admissibility of the confession or statement if supported by the evidence will not be disturbed on appeal. State v. James, 459 So.2d 28 (La.App. 1st Cir.1984).
At trial Chief Caballero testified that after receiving word that defendant had asked several times to speak with him, he went to see defendant in jail. At that time defendant had been in jail approximately twenty-four hours. Although Chief Caballero did not personally inform defendant of his Miranda rights, he did ascertain that defendant had been previously advised of his rights. Chief Caballero testified that defendant said that he wanted to make a deal and that he would confess if the Chief could arrange for him to be released from jail for the weekend. According to Chief Caballero, defendant insisted that his fingerprints were on the large television taken in the burglary. Caballero, however, told the defendant that he had already turned the case over to the Sheriffs Department, and that he consequently could not promise defendant that he would be released from jail. It is clear from the record that while he was explaining his deal, defendant confessed to the burglary even before Chief Caballero had a chance to respond. No inducements or promises were made to obtain the confession. On the contrary Chief Caballero clearly told defendant that the case had already been turned over to the Sheriffs Department. Thus this inculpatory statement was properly admitted into evidence.
Defendant also contends that the evidence was insufficient to support his conviction. Although defendant should have proceeded by way of a motion for post-verdict judgment of acquittal, see LSA-C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983), we will consider this claim as an assignment of error. Under the standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), reiterated in State v. Martin, 458 So.2d 454 (La.1984), we find that there was sufficient evidence for the conviction.
“Simple burglary is the unauthorized entering of any dwelling ... with the intent to commit a felony or any theft there-in_” LSA-R.S. 14:62. Unquestionably a *711 burglary was committed, and defendant confessed his involvement as well as indicating where the stolen items were hidden. Defendant claims that he knew where the stolen items were hidden because Bougere had told him. Defendant also points out that Mervin Smith recanted his statement that he had seen defendant at the burglarized house on the day of the burglary, and that defendant’s common law wife was an alibi witness. He does not, however, address his confession to Chief Caballero. This confession alone, if believed, is sufficient to support the conviction. The jury obviously concluded that the testimony of Chief Caballero was credible, and rejected the testimony of Mr. Smith and defendant’s common law wife. The trier of fact may accept or reject, in whole or in part, the testimony of any witness. State v. Richardson, 459 So.2d 31 (La.App. 1st Cir.1984). Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, this is a matter of the weight of the evidence, not the sufficiency. Id. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded that the state proved beyond a reasonable doubt that the defendant was guilty of simple burglary.
Defendant finally complains of an excessive sentence. The trial court has wide sentencing discretion, and a sentence within statutory limits will not be set aside absent an abuse of discretion. State v. Johnson, 486 So.2d 853 (La.App. 1st Cir.1986). Nevertheless a sentence within statutory limits may be excessive, State v. Sepulvado, 367 So.2d 762 (La.1979), if it is grossly disproportionate to the severity of the crime or is nothing more than a needless imposition of pain and suffering, that is, if one’s sense of justice is shocked when comparing the punishment with the harm done to society. State v. Gray, 461 So.2d 627 (La.App. 1st Cir.1984).
LSA-C.Cr.P. art. 894.1 requires the trial court to weigh both aggravating and mitigating circumstances in determining whether to impose incarceration.
While the trial court is not required to articulate every such circumstance in imposing sentence, the record must reveal adequate consideration of the guidelines enumerated in article 894.1. State v. Banks, 457 So.2d 1264 (La.App. 1st Cir.1984).
In its reasons for sentencing, the trial court noted that it had reviewed the presentence investigation report prepared in this case. Although no juvenile record was indicated, the defendant had a considerable arrest record for his twenty-two years. He had a prior felony conviction for attempted simple burglary and misdemean- or convictions for possession of marijuana and simple battery. Furthermore defendant had a poor employment record and a history of drug abuse.
Reviewing the facts of this offense, the trial court noted that some of the items taken in the burglary had not been recovered and that the defendant had not made restitution to the victim. The trial court stated that there was no provocation in this case, the victim had not induced or facilitated this offense, and there were no grounds tending to excuse or justify the defendant’s conduct. After stating that the defendant’s criminal conduct was likely to continue, the trial court concluded that the defendant was in need of correctional treatment and noted that any lesser sentence would deprecate the seriousness of the offense. After noting the above aggravating circumstances, the trial court also considered the fact that the defendant had maintained satisfactory behavior and conduct in prison while serving his sentence for attempted burglary.
For his conviction of simple burglary, the defendant was exposed to a maximum sentence of twelve years at hard labor and a maximum fine of $2,000.00. See LSA-R.S. 14:62. The defendant received a sentence of eight years at hard labor and no fine. Considering the circumstances of this offense and the reasons for sentencing given by the trial court, we find no abuse of discretion in the sentence imposed.
*712 For the foregoing reasons defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The court ordered this sentence to be served consecutively to a six-year sentence for a previous attempted simple burglary conviction. See State v. Robinson, 525 So.2d 712 (La.App. 1st Cir.1988).

. Because the stolen clocks had stopped at 3:30 p.m., investigators surmised that the burglary occurred at that time.