EDWARDS, Judge.
Defendant was charged with simple burglary, in violation of LSA-R.S. 14:62, convicted of attempted simple burglary, in violation of LSA-R.S. 14:62 and 14:27, and sentenced to six years at hard labor. Having been granted an out-of-time appeal, defendant alleges that the trial court erred in denying his motion to suppress his written statement and by allowing the written statement to be admitted into evidence at trial, that the evidence was insufficient to support his conviction, and that he received an excessive sentence.
Defendant was charged with burglarizing the Payless Supermarket in Paincourt-ville in the early morning hours of July 12, 1983. While an accomplice remained outside as a lookout, defendant broke a window and entered the store. Finding that the store safe was locked, defendant went back outside, conferred with his accomplice, and they left the premises to find a cutting torch. Finding that the torch they had in mind was out of gas, they returned to the store, picking up another accomplice on the way. This new accomplice entered the store, tried unsuccessfully to unlock the safe, and then took some cigarettes, wine, and a portable radio/cassette player.
The store manager discovered the burglary at approximately 7:00 A.M. when he arrived to open the store. The Assumption Parish Sheriffs Department investigated the burgiary and arrested defendant three days later. Upon being advised of his Miranda rights, he confessed in the presence of Deputies Joe London and Lionel Bell that he had participated in the burglary with Douglas Miles and Chris Sharett. Deputy Bell left to pick up the other suspects, and defendant dictated a written confession to Deputy London, signing it in several places.
ADMISSIBILITY OF CONFESSION
Defendant contends that the court erred in denying the motion to suppress his written confession and in allowing it into evidence at trial. Before a confession or inculpatory statement can be introduced into evidence, the state has the burden of affirmatively proving beyond a reasonable doubt that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menace, threats, inducements, or promises. LSA-R.S. 15:451; State v. James, 459 So.2d 28 (La.App. 1st Cir.1984). Furthermore the state must show that an accused who makes a statement or confession during custodial *714 interrogation was first advised of his Miranda rights. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
At the hearing on the motion to suppress, the defendant admitted having signed the confession in four places, but he claimed that he placed his signature on. a blank form, and that he did so under pressure from Deputy London. According to defendant, London told him he would receive a maximum sentence if he did not cooperate, and London also threatened to contact the judge regarding an increase in defendant’s bond.
When a defendant alleges police misconduct to obtain a confession, the state must specifically rebut such allegations. State v. Bennett, 454 So.2d 1165, 1172 (La.App. 1st Cir.), cert. denied, 460 So.2d 604 (La.1984).
That defendant did indeed make an oral confession was established by the testimony of Deputies London, Bell, and Dave Stevenson. Deputies London and Stevenson testified that defendant was informed of his Miranda rights and that he had signed a written waiver of rights form before he made the confession. Deputy London further testified that defendant dictated a two-page confession freely and voluntarily, and that no threats or promises were made to defendant. Although the written waiver of rights form was not admitted into evidence, the state is not required to do so. It need only prove by the evidence that the defendant was given his rights. State v. Thomas, 504 So.2d 907, 916 (La.App. 1st Cir.), cert. denied, 507 So.2d 225 (La.1987). This the state has clearly done.
Also in support of the proposition that his confession was not freely and voluntarily given is defendant’s argument of diminished mental capacity. He testified that he only went as far as the fifth grade in school. His mother testified that he went only as far as the fourth grade, that he could write his name but could not read, and that he did not have the mental capacity to dictate the instant two-page confession. The principal of defendant’s elementary school testified that he went as far as the sixth grade. Diminished mental or intellectual capacity does not in and of itself vitiate the ability to knowingly and intelligently waive constitutional rights and make a free and voluntary confession. The critical factor is whether defendant was able to understand the rights explained to him and voluntarily give his statement. State v. Benoit, 440 So.2d 129 (La.1983).
A review of defendant’s performance in answering questions from defense counsel and the prosecutor at the suppression hearing and trial belies his assertion of diminished capacity. He was able to understand questions, to answer them, and to explain his version of events in a satisfactory manner. Furthermore, his lengthy criminal record indicates that he has had a considerable amount of experience in the area of custodial interrogation procedures, and he acknowledged in his own trial testimony that he had signed statements in the past in the presence of Deputy London and other law enforcement officers.
Considering as we may all of the evidence presented both at the hearing on the motion to suppress and at trial, see State v. Fleming, 457 So.2d 1232, 1235 n. 3 (La.App. 1st Cir.), cert. denied, 462 So.2d 191 (La.1984), we find that the denial of the motion to suppress is supported by the evidence. Having so found, defendant’s confession was admissible at trial so long as the state laid a proper foundation for its admission. LSA-C.Cr.P. art. 703(F) and (G); State v. Brown, 481 So.2d 679, 684-85 (La.App. 1st Cir.1985), cert. denied, 486 So.2d 747 (La.1986). The state laid an adequate foundation for the introduction of the confession into evidence through the trial testimony of Deputies London, Bell and Stevenson. Accordingly these assignments of error are without merit.
SUFFICIENCY OF THE EVIDENCE
Although defendant’s claim that the evidence was insufficient should have been made by way of a motion for post-verdict judgment of acquittal, see LSA-C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La. *715 App. 1st Cir.1983), we will consider this claim as an assignment of error. Under the standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), reiterated in State v. Martin, 458 So.2d 454 (La.1984), we find that there was sufficient evidence for the conviction. “Simple burglary is the unauthorized entering of any dwelling ... with the intent to commit a felony or any theft therein_” LSA-R.S. 14:62. “Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.” LSA-R.S. 14:27.
Douglas Miles, one of defendant’s accomplices, testified at trial that he had participated in this burglary with defendant and Chris Sharett. Gerald Miles testified that his brother, Douglas, and defendant came to his house in the early morning hours of July 12, 1983, and informed him that they had broken into the store. They asked if they could use his cutting torch, but he told them it was out of gas. Defendant testified at trial that he was not involved in the burglary and that he was asleep in his father’s bar when the burglary occurred. Defendant argues that Douglas Miles' testimony was suspect because it was made in exchange for a suspended sentence for his part in the burglary. The jury was aware of defendant’s alibi testimony and of the agreement between the prosecutor and Douglas Miles. In returning the instant guilty verdict, the jury obviously accepted the testimony of the state’s witnesses and rejected the testimony of defense witnesses as it has the perfect right to do. See State v. Richardson, 459 So.2d 31 (La.App. 1st Cir.1984). Furthermore where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of weight of the evidence, not sufficiency. Id.
Our review of the record indicates that the evidence was sufficient to support a conviction of the charged offense of simple burglary. A fortiori, a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could clearly have concluded that the state proved beyond a reasonable doubt that defendant was guilty of attempted simple burglary. Accordingly this assignment of error lacks merit.
EXCESSIVE SENTENCE
Finally defendant complains of an excessive sentence. The trial court has wide sentencing discretion and a sentence within statutory limits will not be set aside absent an abuse of discretion. State v. Johnson, 486 So.2d 853 (La.App. 1st Cir.1986). Nevertheless a sentence which falls within the statutory limits may be excessive, State v. Sepulvado, 367 So.2d 762 (La.1979), if it is grossly disproportionate to the severity of the crime or is nothing more than a needless imposition of pain and suffering, that is, if it shocks one’s sense of justice when the punishment is compared to the harm done to society. State v. Gray, 461 So.2d 627 (La.App. 1st Cir.1984). LSA-C.Cr.P. art. 894.1 requires the trial court to weigh both aggravating and mitigating circumstances in determining whether to impose incarceration. While the trial court is not required to articulate every such circumstance in imposing sentence, the record must reveal adequate consideration of the guidelines enumerated in art. 894.1. State v. Banks, 457 So.2d 1264 (La.App. 1st Cir.1984).
Defendant had a lengthy arrest record, convictions for possession of marijuana and simple battery, a poor employment record, and a history of drug abuse. The court noted that the evidence actually indicated that defendant had committed simple burglary, and that defendant had confessed to being armed with a sawed-off shotgun during this burglary, thus presenting the possibility of serious harm to anyone who might have attempted to intervene. The court specifically considered and rejected a suspended sentence or pro *716 bation, concluding that defendant was likely to continue his criminal conduct. At the time of this trial, another charge of simple burglary was pending against defendant,* and after his arrest for the instant burglary, he was also arrested for illegal discharge of a weapon, simple battery and possession of stolen goods.
The trial court also noted mitigating factors, including the fact that defendant came from a broken home and defendant’s statement in the presentence investigation that he was adversely affected by the violent death of his sister. Furthermore a former employer made a favorable statement on defendant’s behalf. The trial court also considered defendant’s drug abuse problem, but concluded that it could not be considered an excuse or justification to commit burglary. Upon weighing the aggravating and mitigating circumstances and finding neither provocation nor grounds tending to excuse or justify defendant’s conduct, the court concluded that he was in need of correctional treatment, saying that any lesser sentence would deprecate the seriousness of the offense. The trial court thoroughly satisfied the criteria of article 894.1.
For his conviction of attempted simple burglary, defendant was exposed to a maximum sentence of six years and a maximum fine of $1,000.00. See LSA-R.S. 14:27 and 62. He received six years at hard labor, but no fine was imposed. Maximum sentences are appropriately imposed in cases involving the most serious violations of the described offense and for the worst kind of offender. State v. Jones, 398 So.2d 1049 (La.1981).
Although this was his first felony conviction, defendant’s lengthy criminal record and his confession that he was armed with a sawed-off shotgun during the instant burglary indicate that this was the worst type of simple burglary, and that defendant was the worst type of offender. In light of the reasons for sentencing given by the trial court, we find defendant’s sentence to be neither grossly disproportionate to this offense nor an abuse of the trial court’s discretion. Thus this assignment of error lacks merit.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.

 See State v. Robinson, 525 So.2d 708 (La.App. 1st Cir.1988), affirming defendant’s conviction on this charge.