614 So.2d 276 (1993)
STATE of Louisiana
v.
Rogers Lee DESSELLE.
No. CR92-647.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1993.
*277 Katharine Geary, Alexandria, for defendant.
Katherine Williamson, Asst. Dist. Atty., Alexandria, for plaintiff.
Before GUIDRY, STOKER and COOKS, JJ.
GUIDRY, Judge.
On October 21, 1986, defendant, Rogers Lee Desselle, was tried by jury and convicted of aggravated escape, a violation of La.R.S. 14:110. The trial judge sentenced Desselle to eight years at hard labor to be served consecutively with any other sentence. Without objection from the State, the trial court granted Desselle an out of time appeal on April 7, 1992. On appeal, he asserts that the evidence was not sufficient to convict him of aggravated escape *278 and that the sentence imposed was excessive under the circumstances. Finding no error, we affirm.

FACTS
On October 4, 1985, Rapides Parish Sheriff's Deputy Bobby Tucker transported Desselle from the Rapides Parish Detention Center to Huey P. Long Hospital for treatment of alleged bleeding and vomiting. At the time, Desselle was incarcerated for an armed robbery conviction. While he was in a small room adjacent to the emergency room waiting area, Desselle overheard Mary Johnson tell her friend that she would retrieve her car from the parking lot. At the time, his legs were restrained by ankle shackles attached by a chain. His left wrist was handcuffed to a waist chain, but his right arm was not restrained. When Johnson drove her car to the emergency room entrance, Desselle walked out of the entrance and around the front of the car. He stuck his right arm through a crack in the driver's side window and somehow opened the previously locked door. Johnson struggled with Desselle to keep him out of her car. Desselle attempted to pull Johnson from the car. When Johnson resisted, he pushed her toward the passenger seat and hopped into the driver's seat. The struggle continued, and Johnson was pummelled in the face by Desselle. As a result, she was bruised and cut. Johnson was later treated for her injuries at the hospital and released.
While this scenario was unfolding, Deputy Tucker was at the nurses' station checking on Desselle's blood test results. He had left Desselle unattended in the small room. When he noticed Desselle had departed, Tucker ran outside and, upon arriving at the vehicle, commanded Desselle to exit. After three warnings, Tucker drew his revolver and shot Desselle in the abdomen. Testimony at trial conflicted regarding the circumstances of the shooting. Tucker testified that he did not pull the trigger and did not intend to shoot Desselle. He surmised that the gun discharged when Desselle hit his hand with the car door. Desselle testified that Tucker intentionally shot him after he exited the vehicle in accordance with Tucker's instructions. After Desselle was shot, Johnson fled through the passenger side door.
Desselle continued to resist while a second deputy, Ricky Doyle, arrived and, from the passenger side, attempted to remove him from the car. Doyle also tried to remove the keys from the ignition. In the struggle, Desselle elbowed Doyle in the face, causing him to fall backwards out of the car. Desselle then started the car and drove off with Doyle clinging to the door and being dragged approximately 10 feet along the pavement. After Doyle let go of the door, Desselle drove away from the hospital. A short time later, he was apprehended by a state policeman and returned to Huey P. Long Hospital for treatment of a gunshot wound.

SUFFICIENCY OF THE EVIDENCE
Desselle contends that the evidence presented at trial was insufficient to support the aggravated escape conviction. Specifically, he claims that, because he was not given his mental health center prescribed medication while in jail, he was incapable of forming the requisite intent to commit aggravated escape. He also contends that the State failed to sufficiently prove that human life was endangered under the circumstances. Additionally, Desselle urges that the physical facts show that he was shot in the right side of his body, indicating that he could not have been shot while still in the car, as claimed by Deputy Tucker.
When the issue of sufficiency of the evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, rehearing denied, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559, at 563 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982). It is the role of the fact finder to weigh the respective credibility of the *279 witnesses, and therefore, the appellate court should not second guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino, supra, citing State v. Richardson, 425 So.2d 1228 (La.1983).
La.R.S. 14:110(C) and (E), which defines aggravated escape and those institutions to which it applies, provides:
C. (1) Aggravated escape is the intentional departure of a person from the legal custody of any officer of the Department of Public Safety and Corrections or any law enforcement officer or from any place where such person is legally confined when his departure is under circumstances wherein human life is endangered.
(2) Whoever commits an aggravated escape as herein defined shall be imprisoned at hard labor for not less than five years nor more than ten years and any such sentence shall not run concurrently with any other sentence.
* * * * * *
E. The provisions of this Section shall be applicable to all penal, correctional, rehabilitational, and work release centers and any and all prison facilities under the control of the sheriffs of the respective parishes of the state of Louisiana. The prison facilities shall include but are not limited to parish jails, correctional centers, work release centers, and rehabilitation centers, hospitals, clinics, and any and all facilities where inmates are confined under the jurisdiction and control of the sheriffs of the respective parishes.
In order to obtain a conviction for aggravated escape, the State is required to prove all elements thereof beyond a reasonable doubt.

Intent
It is well established that a mental defect or disorder short of insanity will not serve to negate specific intent or reduce the degree of a crime. State v. Leatherwood, 411 So.2d 29 (La.1982). According to La.C.Cr.P. art. 651, evidence of a mental condition or defect is inadmissible when the defendant fails to plead not guilty and not guilty by reason of insanity. State v. Lecompte, 371 So.2d 239 (La.1978). Despite this procedural omission, we will address the issue.
Defense counsel failed to sufficiently develop the issue so as to offer it as proof of Desselle's state of mind under the Jackson standard. Desselle testified that he was prescribed Sinequan and Mellaril by "mental health" but, at the time of the instant crime, this medication was at home. He further stated that he had not been given any of the medication since his incarceration. According to Desselle, the purpose of the medication was to help him cope with depression and the stress of confinement. He did not, however, introduce a doctor's prescription or any evidence of specific mental disorders or symptoms which these medications treat. Desselle also did not attempt to connect the lack of medication to a mental disorder at the time of the offense which would negate the possibility that he could form the requisite intent.
Desselle himself admitted that, at the time of the incident, he wanted to take Johnson's car to "get home" to his family. This combined with the fact that he left the hospital without permission and resisted the deputies' repeated attempts to detain him clearly demonstrates that Desselle possessed the intent to depart from legal custody.

Danger to Human Life
In proving that human life is endangered, it is of no consequence whether the offender is armed. State v. Morris, 589 So.2d 1171 (La.App. 4th Cir.1991); Reporter's Comment to La.R.S. 14:110, supra. Under the clear wording of the statute, if the circumstances indicate beyond a reasonable doubt that human life was endangered, then that particular element of aggravated escape was sufficiently proven.
The record clearly establishes that Desselle endangered the lives of at least two persons, Johnson and Doyle. He purposefully battered Johnson and, by repeatedly ignoring Tucker's orders to get *280 out of the car, he subjected Johnson to the possibility of being shot by Tucker, who had pulled his revolver. The fact that Desselle was shot while in such close proximity to Johnson indicates that, in such a tense situation, Johnson could very easily have been the recipient of the bullet. At the very least, she was perilously close to the potential danger.
Doyle, in the exercise of his duties as a deputy, attempted to wrest the car keys away from Desselle's control. In response, Desselle elbowed Doyle in the face. After Doyle fell out of the car and was hanging onto the car door, Desselle started the car and drove away, dragging Doyle along the pavement. Once again, this was all done against clearly expressed orders to surrender.
It is clear that, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that human life was endangered beyond a reasonable doubt.

Physical Evidence
Desselle contends that his testimony concerning the point at which the bullet entered his body (his right side) conclusively proves that he had surrendered and was standing outside of the car when shot. He did not, however, present any medical records or physician testimony to corroborate his position. Tucker and Johnson contradicted Desselle's testimony stating that Tucker shot Desselle while he was still in the car. They also testified that Johnson was in the car at the moment Tucker shot Desselle.
Desselle is asking this court to second guess the trier of fact's credibility determinations beyond the Jackson sufficiency evaluations. Where there is a conflict in testimony about factual matters, the resolution of which depends upon the jury's determination of credibility of witnesses, the conflict is a matter of weight of evidence, not of its sufficiency. State v. Robinson, 525 So.2d 708 (La.App. 1st Cir. 1988), writ denied, 532 So.2d 149 (La. 1988). The determination of credibility is a function of the trier of fact, not the appellate court. State v. Robertson, 421 So.2d 843 (La.1982). On appeal, we are precluded from reviewing factual determinations in criminal cases. La. Const. art. 5, § 10(B).
We conclude that, applying the Jackson standard, any rational trier of fact could have found the essential elements of aggravated escape proven beyond a reasonable doubt. Accordingly, this assignment of error is without merit.

EXCESSIVE SENTENCE
Desselle contends that his eight year sentence is excessive because the trial court considered improper factors in sentencing. He alleges that the sentencing judge's consideration of not only the defendant's prior convictions, but also "the other activities you have been engaged in since a youth" constituted improper consideration of facts not established in the record. In addition, Desselle asserts that the court erred again by stating:
... And, as I told you before, one of your biggest problems is you don't want to work for anything. You want to get it without working. And if you can't get it peacefully, you'll get it unpeacefully. You'll get it any way you can get your hands on it.
Defendant contends that the statements were irrelevant to his sentencing and constituted prejudicial error.
Article 1, § 20 of the Louisiana Constitution of 1974, prohibits "cruel, excessive, or unusual punishment". A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3rd Cir.1988). To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3rd Cir. 1988), writ denied, 536 So.2d 1233 (La. *281 1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
The legislature, by enacting La.C.Cr.P. art. 894.1, provided criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether suspension of a sentence or probation is warranted. In 1986, the relevant portion of that statute read as follows:
A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
La.C.Cr.P. art. 894.1 was enacted to ensure that the sentence is particularized to the defendant and to aid the reviewing court in the determination of whether the sentence imposed is excessive by providing an actual indication of whether the sentencing court adequately considered the statutory guidelines. State v. Cottingin, 476 So.2d 1184 (La.App. 3rd Cir.1985), appeal after remand, 496 So.2d 1379 (La.App. 3rd Cir.1986). The trial court need not refer to every aggravating and mitigating circumstance in order to comply with the article. However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983). If there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in Article 894.1 will not necessitate a remand for resentencing. State v. Cottingin, supra; State v. Morgan, 428 So.2d 1215 (La.App. 3rd Cir.1983), writ denied, 433 So.2d 166 (La.1983). Consideration of defendant's prior criminal activity, not limited to convictions, is appropriate in sentencing. State v. Washington, 414 So.2d 313 (La.1982). Lastly, noncompliance with La.C.Cr.P. art. 894.1 does not automatically warrant reversal. State v. Rainwater, 448 So.2d 1387 (La.App. 3rd Cir. 1984).
As shown by the record, the sentencing judge was extremely familiar with this defendant and his criminal history. At the beginning of the sentencing hearing, the prosecution reminded the judge that he previously presided over the defendant's most recent armed robbery conviction. The judge further noted that he was familiar with the defendant's criminal activity since he was a youth. Additionally, in complying further with La.C.Cr.P. art. 894.1, the judge acknowledged as a mitigating factor that the defendant did not arm himself in the escape.
In 1986, aggravated escape was punishable by imprisonment at hard labor for not less than five years nor more than ten years. Any sentence imposed under this provision was to be imposed consecutively to any other sentence. La.R.S. 14:110(C)(2). The judge properly followed the Article 894.1 guidelines by considering the defendant's past criminal activity as well as his failure to arm himself, and he sentenced the defendant within the mid-range of sentencing possibilities. Based on the facts of this case wherein two individuals were injured during defendant's escape, we conclude that the sentence is not excessive.
For the above and foregoing reasons, defendant's conviction and the sentence imposed are affirmed.
AFFIRMED.